CALOGERO, Justice.
Defendant, Darryl Nicholas, was charged by bill of information with committing armed robbery, in violation of La. R.S. 14:64, in that on January 28, 1974, while armed with a dangerous weapon he robbed Raymond Governale. Trial was held on February 25, 197S and defendant was found guilty as charged. He was sentenced to imprisonment at hard labor for ninety-nine years without benefit of parole, probation, or suspension of sentence.
Defendant now appeals, relying upon three assignments of error in urging us to reverse his conviction and sentence.
The evidence shows that on January 27, 1974, defendant and an accomplice borrowed a friend’s automobile and drove to the Royal Oak Motel in Marrero, Louisiana. In the early morning hours of January 28, 1974, they robbed and killed Gover-nale, the night clerk of the motel. Out of this incident arises the armed robbery charge and conviction therefor which is the subject of this appeal.
ASSIGNMENT OF ERROR NO. 1.
The defendant denotes as error the ruling of the trial court denying his motion to quash the bill of information. The basis for the motion to quash was a contention that as the maximum penalty for armed robbery is 99 years at hard labor without benefit of parole, probation, or suspension of sentence, the penalty is “in truth and in fact a life imprisonment,” and accordingly, under Article 1, Section 15 of the Louisiana Constitution of 1974,[1] the prosecution should have been initiated by grand jury indictment rather than bill of information.
While this is a novel argument, we find that we need not here pass upon its validity, as we find that Article 1, Section 15 of the Louisiana Constitution of 1974 was not applicable to defendant’s prosecution. That provision is concerned with initiation of proceedings against an accused, and prosecution in the instant case was initiated in February 1974, well before the effective date of the 1974 Constitution.[2] Furthermore, Article 14, Section 23 of the 1974 Constitution provides that “All prosecutions . . . existing on the effective date of this constitution shall continue unaffected.”
Under Article 1, § 9 of the Constitution of 1921, and Article 382, C.Cr.P., in effect at the time the prosecution against defendant was begun, a bill of information was a proper vehicle to institute a prosecution for armed robbery.
Therefore we find no merit in this assignment of error.
ASSIGNMENTS OF ERROR NOS. 2 AND 3.
On February 7, 1974 at 11:15 p. m„ defendant and an accomplice were arrested by Jefferson Parish deputies for the January 28, 1974 armed robbery of Governale. Defendant was interrogated twice by Officer Peter M. Pellegrini, Jr., during the approximate period, 12:30 a. m. to 4:00 a. m., on February 8, 1974. During that period defendant gave three statements, the first of which was essentially exculpatory in nature. The second and third statements, given successively, constituted confessions, one of them to the armed robbery charge and the other to a charge of murder aris *367 ing out of a separate incident in which a grocery store owner had been killed on January 16,1974.
Tn this case and in the one arising out of the January 16 murder, defendant filed identical motions to suppress the respective confessions. Briefly stated, defendant’s argument is that he is a mentally retarded individual who could not and did not understand or intelligently waive his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
A pre-trial hearing was held on the motion to suppress the murder confession. The motion was denied. Subsequently in this prosecution, defendant and the state . stipulated that the identical evidence surrounding the state’s securing the murder confession should be considered in connection with the motion to suppress the armed robbery confession. The transcript of the hearing on the earlier motion to suppress was therefore introduced in connection with defendant’s motion to suppress the armed robbery confession. The trial judge, as in the earlier ruling, overruled the motion to suppress the armed robbery confession and later at trial, admitted the confession into evidence. To these rulings defendant objected. Errors Nos. 2 and 3 were thereafter assigned.
With respect to his motion to suppress the confession in this case, defendant urges the identical arguments and relies upon the same evidence as he presented on the vol-untariness of confession issue in the appeal of his murder conviction.
For the reasons which we have set forth at length in that allied case, State v. Nicholas, La., 319 So.2d 361, decision rendered this day, we find no error in the trial court’s ruling that defendant’s confession (pertinent to this armed robbery) was knowingly, intelligently and voluntarily given and thus admissible.
For the foregoing reasons the conviction and sentence herein are affirmed.

. Article 1, Section 15 of the Louisiana Constitution provides in pertinent part:
“Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.”

. The Louisiana Constitution of 1974 became effective at midnight, December 31, 1974.